**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOEL DEJESUS, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 08-0724 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

    JOEL DEJESUS, #30281-160
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320
    Petitioner Pro Se

**KUGLER**, District Judge

    Joel DeJesus, a prisoner confined at the Federal Correctional Institution at Fairton, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging a sentence of 60 months for violation of 18 U.S.C. § 924(c)(1)(A)(i).  Respondents filed an Answer on March 21, 2008, and Petitioner filed a Reply on April 3, 2008.  By Order entered April 25, 2008, this Court appointed the Federal Defender to represent Petitioner, ordered Respondents to file additional documents, and permitted Petitioner to file a supplemental reply.[1]  Having thoroughly reviewed the submissions of the

---

[1] The Federal Defender did not file a notice of appearance
(continued...)

parties and the record of the underlying criminal proceeding, this Court will deny habeas relief and dismiss the Petition.

## I.   BACKGROUND

Petitioner challenges a 60-month sentence imposed by the United States District Court for the Northern District of Ohio, which was entered August 22, 2006, and amended October 18, 2006, and April 24, 2008, after he pled guilty pursuant to a plea agreement to 18 U.S.C. § 924(c)(1)(A)(i).  See United States v. DeJesus, Crim. No. 05-0404 (SO) (N.D. Ohio filed Aug. 24, 2005).

The record in United States v. DeJesus reflects the following.  On August 24, 2005, the United States filed a five-count indictment charging Petitioner, inter alia, with possession with intent to distribute and distribution of heroin, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(C) in Count One, and "using and carrying" a firearm in relation to a drug trafficking crime, contrary to 18 U.S.C. § 924(c) in Count Two.  On January 19, 2006, the United States filed a superseding indictment charging Petitioner, inter alia, with possession with intent to distribute and distribution of heroin, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(C) in Count One, and "knowing possession" of a firearm in

---

[1](...continued)
or otherwise participate in the case.

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (B)(ii).[2]

On April 14, 2006, Petitioner pled guilty pursuant to a plea agreement.  The transcript of the plea colloquy shows that Petitioner pled guilty to counts one and two of the superseding indictment, that is, possession with intent to distribute and distribution of heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One), and knowing possession of a firearm in furtherance of a drug trafficking crime, contrary to § 924(c)(1)(A)(i).[3]  The transcript further shows that the factual basis for the plea was that in July and August of 2004, Petitioner received firearms in exchange for providing under five grams of heroin to another person.[4]

---

[2] Section 924(c)(1)(A)(i), amended in 1998, provides:

> [A]ny person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime - be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(i).

[3] The government dismissed counts three, four and five of the superseding indictment, as well as the charge in count two for violation of 18 U.S.C. § 924(B)(ii).

[4] The plea agreement filed April 14, 2006, provides that
(continued...)

3

On August 21, 2006, United States District Judge Solomon Oliver, Jr., sentenced Petitioner to a 15-month term on count one and a consecutive 60-month term on count two of the superseding indictment. The judgment of conviction, as amended October 18, 2006, provides, however, that Petitioner pled guilty to "using" a firearm in a drug trafficking crime, contrary to 18 U.S.C. § 924(c)(1)(A)(i) (as well as possession with intent to distribute heroin). Petitioner did not appeal the conviction or sentence.

Petitioner, who is confined at FCI Fairton, executed the § 2241 Petition presently before this Court on February 7, 2008. The Clerk received it on February 13, 2008, together with a Memorandum of Law. Petitioner challenges his 60-month sentence imposed for violation of 18 U.S.C. § 924(c)(1)(A)(i) on the following ground:

> Ground One: FIFTH AMENDMENT VIOLATION.
>
> Supporting Facts: HOLDING IN UNITED STATES V. WATSON MANDATED THAT TRADING GUNS FOR DRUGS IS NOT A VIOLATION OF § 924(c)(1)(a)(i). SEE ATTACHED MEMORANDUM OF LAW IN SUPPORT OF PETITION.

(Pet. ¶ 10(a).

---

[4](...continued)
Petitioner agreed to enter a plea of guilty to count two of the superseding indictment which charges him with knowingly "possessing" a firearm in furtherance of a drug trafficking crime, in violation of § 924(c)(1)(A)(i). Similarly, the Pre-Sentence Investigation Report states that Petitioner was charged with, and pled guilty to the "possession" prong.

In the accompanying Memorandum of Law, Petitioner argues that the factual basis for his plea of guilty to 18 U.S.C. § 924(c)(1)(A) consisted of trading drugs in receipt for guns, which the Supreme Court determined on December 10, 2007, in <u>United States v. Watson</u>, 128 S. Ct. 579 (2007), does not constitute "use" of a firearm in relation to a drug trafficking crime within 18 U.S.C. § 924(c)(1)(A).  Petitioner argues that he was convicted of conduct which does not constitute a crime, and he asks this Court to grant a writ.

This Court ordered Respondents to file and serve an answer showing why Petitioner is not entitled to a writ, together with certified copies of all documents necessary to resolve Petitioner's claim.[5]  <u>See</u> <u>In re Dorsainvil</u>, 119 F. 3d 245 (3d Cir. 1997).  By letter dated March 13, 2008, on behalf of Respondents, the United States Attorney's Office asked this Court to vacate the Order entered February 27, 2008, and to permit Respondents to file a motion to dismiss the Petition for lack of jurisdiction.  On March 19, 2006, this Court denied the request.

Respondents thereafter filed an Answer, together with various documents, and a supplement to the Answer.  In the Answer, Respondents admit that the factual basis for Petitioner's guilty plea to § 924(c)(1)(A) was his receipt of guns as payment

---

[5] The Order entered February 27, 2008, expressly directed Respondents not to a motion to dismiss.

in exchange for heroin, but argue that the Petition should be dismissed because Petitioner was actually convicted of "possessing" a firearm in furtherance of a drug trafficking crime, rather than "using" a firearm.  Respondents advised this Court that on March 6, 2008, the United States filed a motion in the sentencing court to correct Petitioner's amended judgment of conviction to reflect that Petitioner was convicted of the "possession" prong of § 924(c)(1)(A)(i).

On April 3, 2008, Petitioner filed a Traverse in this Court, arguing that he pled guilty to the "use" prong of § 924(c)(1)(A), and that the factual basis for the plea was trading his drugs for guns, which the Supreme Court determined is not criminal in United States v. Watson.

On April 25, 2008, this Court appointed the Federal Defender for the District of New Jersey to represent Petitioner, directed Respondents to file copies of the transcript of Petitioner's change of plea hearing and Petitioner's Pre-Sentence Investigation Report, permitted Petitioner to file a supplemental reply, and directed the Clerk to mail a copy of this Order and the docket to Judge Oliver.

On April 25, 2008, Respondents filed a copy of an amended judgment that was entered by Judge Oliver on April 24, 2008.  See United States v. DeJesus, Crim. No. 05-0404 (SO) am. judgment (N.D. Ohio April 24, 2008).  This amended judgment reflects that

Petitioner pled guilty to "knowing possession of a firearm in furtherance of a drug trafficking crime," in violation of 18 U.S.C. § 924(c)(1)(A)(i).  On May 1, 2008, Respondents filed a copy of the transcript of the change of plea hearing, which occurred on April 14, 2006.  Although given an opportunity to do so, Petitioner did not file a supplemental reply.

## II.  DISCUSSION

A.  Jurisdiction

   Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

   As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a
> court established by Act of Congress claiming
> the right to be released upon the ground that
> the sentence was imposed in violation of the
> Constitution or laws of the United States, or

> that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Section 2255 expressly prohibits a district court from entertaining a challenge to a federal sentence under 28 U.S.C. § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[6] See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d at 251; Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of

---

[6] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.  Dorsainvil claimed that he was actually innocent of "use" of a firearm after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that "use" of a firearm, under § 924(c)(1)(a)(i), does not include mere possession of a firearm.  In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court ruled that the Court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.

The Dorsainvil Court ruled that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. However, the court held that, under the narrow circumstances present, § 2255 was inadequate and ineffective, allowing Dorsainvil to raise his Bailey claim under § 2241:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  However, allowing someone

9

> in Dorsainvil's unusual position - that of a
> prisoner who had no earlier opportunity to
> challenge his conviction for a crime that an
> intervening change in substantive law may
> negate, even when the government concedes
> that such a change should be applied
> retroactively - is hardly likely to undermine
> the gatekeeping provisions of § 2255.

Dorsainvil at 251.

In the Petition presently before this Court, Petitioner challenges his conviction for "use" of a firearm in relation to a drug trafficking crime on the ground that the Supreme Court ruled on December 10, 2007, in United States v. Watson, 128 S. Ct. 579 (2007), that receiving guns in exchange for drugs does not constitute "use" of a firearm in relation to a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(A). The problem with Petitioner's claim, however, is that the superseding indictment, the written plea agreement, the plea colloquy, and the judgment of conviction, as amended April 24, 2008, establish conclusively that Petitioner pled guilty to the "possession" prong of § 924(c)(1)(A), rather than the "use" prong of the statute. As the Watson ruling does not interpret the "possession," prong of § 924(c)(1), it has no effect on Petitioner's conviction, Petitioner is not entitled to a writ, and this Court will dismiss the Petition with prejudice.[7]

---

[7] The Watson Court notes that in 1998, "Congress responded to Bailey by amending § 924(c)(1). The amendment broadened the provision to cover a defendant who 'in furtherance of any [crime
(continued...)

### III.   CONCLUSION

The Court denies the writ and dismisses the Petition.

S/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:    July 1   , 2008

---

⁷(...continued)
of violence or drug trafficking] crime, possesses a firearm.'  18 U.S.C. § 924(c)(1)(A).  The amendment did not touch the 'use' prong of § 924(c)(1)."  <u>Watson</u>, 128 S. Ct. at 582 n.3.